**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Wollner, | ) | No. CV 09-729-PHX-MHM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| George Bush; Eric Holder, Jr., Attorney General, | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. # 3) The Court will also address whether Plaintiff's Compliant complies with 28 § U.S.C. 1915(e), which specifies when a district court must dismiss an in forma pauperis proceeding.

**I. Legal Standard**

**A.    28 U.S.C. § 1915(e)(2)**

In a case proceeding in forma pauperis, Congress provided that a district court "shall dismiss the case at any time if the court determines that [] the allegation of poverty is untrue" or that "the action or appeal . . . is frivolous or malicious, [] fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Ninth Circuit has held that section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. See Lopez v. Smith,

1  203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis
2  complaints"). In addition, section 1915(e) requires dismissal of in forma pauperis complaints
3  that fail to state a claim, are frivolous or malicious, or seek monetary relief against a
4  defendant who is immune from such relief. See id. ("It is also clear that section 1915(e) not
5  only permits but requires a district court to dismiss an in forma pauperis complaint if it fails
6  to state a claim.") Therefore, this Court must dismiss an in forma pauperis compliant if it fails
7  to state a claim or if it is frivolous or malicious.

8  "[A] complaint, containing both factual allegations and legal conclusions, is frivolous
9  where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
10 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts
11 alleged rise to the level of the irrational or wholly incredible, whether or not there are
12 judicially recognized facts available to contradict them." Denton v. Hernandez, 504 U.S. 25,
13 33 (1992).

14 **II.     Discussion**

15 First, Plaintiff's Complaint makes no specific allegation of federal court jurisdiction.
16 Plaintiff merely states that "the court has jurisdiction and the claim needs no new grounds
17 of jurisdiction to support it." The Court, however, does not "already [have] jurisdiction" see
18 Federal Rule of Civil Procedure 8(a)(1), and therefore Plaintiff's Complaint must contain "a
19 short and plain statement of the grounds for the court's jurisdiction." See id.

20 Next, after reviewing Plaintiff's Complaint, the Court determines that it is frivolous.
21 Plaintiff alleges the following: On August 13, 2007, Plaintiff mailed his plan entitled "The
22 Ultimate Solution for Terrorism" to Laura Bush "that could defeat and subdue terrorism."
23 According to Plaintiff, his plan "provided a means for stopping the nightly television war
24 news that was causing President Bush to be so unpopular." Plaintiff alleges that shortly after
25 mailing his plan to Mrs. Bush, "the nightly Iraq war news stories had vanished" and
26 "President Bush's popularity began to rise." According to Plaintiff's Complaint, "President
27 Bush wasted no time in implementing the plan that can defeat terrorism . . . ."

28

1  Plaintiff alleges that he "sent many requests to President Bush and Laura Bush for a small
2  government (sic) in the amount of fifteen million dollars" as compensation for his "plan that
3  President Bush used to defeat terrorism and to reverse his unpopular circumstances."
4  Plaintiff states that because the President "ignored and disregarded" Plaintiff's request for
5  compensation, he filed the instant lawsuit requesting judgment in the amount of fifteen
6  million dollars.

7  While perhaps one could believe that Plaintiff sent his plan to Laura Bush, as he has
8  alleged, the remainder of Plaintiff's allegations "rise to the level of the irrational or wholly
9  incredible."  See Denton, 504 U.S. at 33.   Accordingly, the Court finds that Plaintiff's
10 Complaint is frivolous, and thus it must be dismissed. See Lopez,  203 F.3d at 1127.

11 In addition, the President of the United States is invested with absolute immunity from suit
12 for damages. See Mitchell v. Forsyth, 472 U.S. 511, 521 (1985).  Such immunity provides
13 yet another basis for dismissal of Plaintiff's Complaint.

14 **III.     Conclusion**

15 Accordingly, based on the foregoing,

16 **IT IS ORDERED** denying Plaintiff's Motion to Proceed in Forma Pauperis.  (Doc. # 3)

17 **IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint with prejudice.

18 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
19 accordingly.

20 DATED this 29th day of April, 2009.

_____
Mary H. Murgula
United States District Judge